IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

**BERNARD DOUGLAS,**

No. 13373-026,

      **Petitioner,**

                                      Case No. 17–cv–837-DRH

vs.

**T.G. WERLICH,**

      **Respondent.**

**<u>MEMORANDUM AND ORDER</u>**

**HERNDON, District Judge:**

*Pro se* Petitioner Bernard Douglas, currently incarcerated in the Federal Correctional Institution at Greenville, Illinois (FCI-Greenville), brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the constitutionality of his confinement. Relying on the recent case of *Mathis v. United States*, ––– U.S. –––, 136 S. Ct. 2243 (2016) and other recent decisions, he argues that his prior

drug conviction should not have been used to impose an enhanced sentence under 21 U.S.C. § 851.

This case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases, such as this action under 28 U.S.C. § 2241. Without commenting on the merits of Petitioner's claims, the Court concludes that the Petition survives preliminary review under Rule 4 and Rule 1(b).

## **BACKGROUND**

In 2008, Petitioner pled guilty to 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A) for conspiring to distribute cocaine and cocaine base. (Doc. 1, p. 3). Petitioner was sentenced to 240 months' imprisonment. *Id.* Petitioner appealed and later filed a 28 U.S.C. § 2255 petition, which was ultimately denied. *Id.*

In his criminal case, Petitioner's sentence was enhanced pursuant to 21 U.S.C. § 851. (Doc. 1, pp. 3-4). The sentencing enhancement was based on the fact that Petitioner had a previous drug conviction, of Possession of a Controlled Substance, 720 ILCS 570/402. (Doc. 1, p. 4). Petitioner argues that this prior drug conviction was improperly considered a predicate offense under 21 U.S.C. §

851, under the reasoning in *Mathis* and related cases. (Doc. 1, pp. 3-8).

## Discussion

A prisoner may employ § 2241, as opposed to § 2255, to challenge his federal conviction or sentence under very limited circumstances. Specifically, 28 U.S.C. § 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

Here, Petitioner argues that, in light of *Mathis* and related authority, his prior Illinois drug conviction does not qualify as a predicate offense for a § 851 enhancement. (Doc. 1, pp. 3-8). Petitioner apparently seeks the Court to hold that the § 851 enhancement was improper so that he may be resentenced without the enhancement.

As the undersigned has explained in a number of prior decisions, this type of challenge facially satisfies the conditions to be considered in a § 2241 proceeding under the savings clause of § 2255(e). *See e.g., Hoskins v. Werlich,* No. 17-cv-652-DRH (S.D. Ill. July 28, 2017); *Warren v. Werlich,* No. 17-cv-84-DRH (S.D. Ill. Mar. 27, 2017); *Davis v. USA,* 17-cv-379-DRH (S.D. Ill. June 14, 2017); *Wadlington v. Werlich,* No. 17-cv-4499-DRH (S.D. Ill. July 17, 2017). However, as the Court has previously noted, *Mathis* involved the Armed Career Criminal Act. *United States v. Hinkle*, 832 F.3d 569, 574 (5th Cir. 2016). Thus, the *Mathis* decision may or may not be applicable to Petitioner's sentence, where the sentencing enhancement was determined based on 21 U.S.C. § 851 and not

3

the ACCA statute.

Nonetheless, given the limited record before the Court and the still-developing application of the *Mathis* decision, it is not plainly apparent that Petitioner is not entitled to habeas relief. *See* Rule 4 of the Rules Governing § 2254 Cases in United States District Courts. Therefore, the Court finds it appropriate to order a response to the Petition.

## **Disposition**

**IT IS HEREBY ORDERED** that Respondent Werlich shall answer or otherwise plead within thirty days of the date this order is entered (on or before October 5, 2017).[1] This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate Judge Clifford J. Proud for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to United States Magistrate Judge Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

---

[1] The response date ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only. *See* SDIL-EFR 3.

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

Digitally signed by
Judge David R. Herndon
Date: 2017.09.06
13:07:50 -05'00'

**United States District Judge**