## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BERNARD DOUGLAS,** ) <br> No. 13373-026, ) <br> ) <br> **Petitioner,** ) <br> ) <br> vs. ) <br> ) <br> **T.G. WERLICH,** ) <br> ) <br> **Respondent.** ) | Case No. 17-cv-837-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Petitioner Bernard Douglas, a federal prisoner incarcerated at FCI-Greenville, filed a *pro se* Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on August 7, 2017. (Doc. 1). He invokes *Mathis v. United States*, — U.S. —, 136 S. Ct. 2243 (2016), to argue that his 1995 Illinois drug possession conviction should not have been used to increase the statutory minimum penalty for his federal drug conviction under 18 U.S.C. § 841(a)(1), (b)(1)(A), and § 851.

After Respondent's initial Response to the Petition (Doc. 11), Douglas filed a Reply (Doc. 14), followed by several supplements and notifications regarding newly issued court opinions (Docs. 15, 16, 19, and 22). At the Court's invitation for a response to the latest of these, Respondent filed a Motion to Dismiss (Doc. 26), to which Douglas replied. (Doc. 28).

### RELEVANT FACTS AND PROCEDURAL HISTORY

In February 2008, Douglas entered an open plea of guilty in the Central District of Illinois to conspiring to distribute more than 5 kilograms of cocaine and over 50 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). *United States v. Douglas*, Case No. 07-cr-10080-MMM-JEH (C.D. Ill., June 30, 2008) ("criminal case"); (Doc. 12, pp. 4, 10). He was sentenced to

240 months' imprisonment,[1] based on the court's finding that Douglas's Peoria County, Illinois, conviction for unlawful possession of cocaine (Case No. 95-CF-33) constituted a "felony drug offense" that raised his statutory mandatory minimum sentence from 10 years to 20 years (240 months) under 21 U.S.C. § 841(b)(1)(A) (West 2008).[2] (Doc. 11, p. 2; Doc. 11-2, pp. 12, 89). Douglas's advisory sentencing range under the United States Sentencing Guidelines ("USSG") was calculated at 262-327 months. (Doc. 12, p. 26).

Douglas's sentence was affirmed on appeal. *United States v. Douglas*, 569 F.3d 635 (7th Cir. 2009). He brought an unsuccessful challenge to his sentence under 28 U.S.C. § 2255 in 2010, *Douglas v. United States*, Case No. 10-cv-1319 (C.D. Ill.). Numerous post-judgment motions in that case were likewise rejected, and the court imposed sanctions in 2012 for his "barrage" of filings. (Docs. 11-7, 11-8, 11-9, 11-10). In June 2014, Douglas filed another motion under Section 2255, *Douglas v. United States*, Case No. 14-cv-1239 (C.D. Ill.), arguing that he was entitled to relief from his mandatory minimum sentence under *Alleyne v. United States*, 570 U.S. 99 (2013). That motion was denied. *Douglas v. United States*, Case No. 14-cv-1239 (C.D. Ill. June 18, 2014, Doc. 3).

In April 2015, Douglas unsuccessfully sought a reduction of his sentence pursuant to an amendment to the USSG. (Docs. 313, 319, in criminal case). He next attempted to file a successive Section 2255 motion raising a claim under *Johnson v. United States*, 135 S. Ct. 2551 (2015), but the Seventh Circuit denied authorization. (Doc. 338, criminal case, April 28, 2017).

---

[1] Douglas was also sentenced to a consecutive 18 month term of imprisonment for violation of supervised release in a previous case (Doc. 11-2, p. 89); he does not challenge that sentence in this action.

[2] The statutory maximum penalty for Douglas's offense was life imprisonment, both with and without the enhancement for the prior "felony drug offense," under 21 U.S.C. § 841(b)(1)(A) in 2008. The December 2018 First Step Act amendments to this statute retained the 10-year statutory minimum penalty for a violation involving 5 kilograms of cocaine or more with no prior drug conviction, and reduced the statutory minimum term from 20 years' to 15 years' imprisonment for a person with one prior drug conviction.

In April 2019, while this Section 2241 action was pending, Douglas filed a motion to reduce sentence pursuant to the First Step Act of 2018 in the Central District of Illinois, and the Public Defender was appointed to represent him in the matter. (Doc. 357, criminal case). The docket in that case does not reflect any action on that motion to date.

## GROUNDS FOR HABEAS RELIEF

Douglas argues that in light of *Mathis v. United States*, 136 S. Ct. 2243 (2016), his Illinois conviction for simple possession of a controlled substance under 720 ILCS 570/402(c)[3] in Peoria Case No. 95-CF-33 no longer qualifies as a predicate offense to increase the minimum sentence for his federal drug conviction. (Doc. 1, pp. 4-7). His Petition asserts that simple possession under Section 402 is a misdemeanor and does not support the Section 851 enhancement for a "felony drug offense." (Doc. 1, p. 6). In his Reply (Doc. 14), Douglas concedes that his Illinois conviction was in fact a Class 4 felony but maintains that his simple possession conviction does not categorically match the generic offense when the *Mathis* analysis is applied. (Doc. 14, p. 8). He argues that 720 ILCS 570/402 is divisible (Doc. 14, pp. 11-15), and that the drug type and quantity are essential elements of the Illinois offense, in contrast to Section 841(a)(1). (Doc. 14, pp. 15-17). He then asserts that in comparison with Section 841, the amount of cocaine involved in his Illinois offense (0.8 grams) would not have constituted a felony under federal law, and thus the Illinois conviction cannot serve as a predicate for the enhancement of the minimum sentence. (Doc. 14, pp. 18-21).

---

[3] While Douglas refers to the statute of his conviction in Peoria County Circuit Court No. 95-CF-33 as 720 ILCS 570/402, without identifying the applicable subsection, his charging and sentencing documents reveal that he was charged on February 2, 1995, with Count 1 for possession of a controlled substance under 720 ILCS 570/402(c). (Doc. 11-1, p. 1). Counts 2 and 3, respectively, were for unlawful possession with intent to deliver cannabis under 720 ILCS 550/5(c), and unlawful possession of cannabis in violation of 720 ILCS 550/4(c). (Doc. 11-1, pp. 2-3). On February 2, 1996, Douglas pled guilty to Count 1, and the court dismissed Counts 2 and 3. (Doc. 11-1, pp. 4-6).

Nearly a year later, while the instant matter remained pending, Douglas submitted his first "Notification of Latest Development" (Doc. 19, filed Sept. 4, 2018), incorporating the recently-decided case of *United States v. Elder*, 900 F.3d 491 (7th Cir. 2018), into his argument for relief. *Elder* held that the categorical analysis explained in *Mathis* applies to determine whether a state conviction qualifies as a "felony drug offense" as defined by 21 U.S.C. § 802(44), in order to enhance a penalty under Section 841. In March 2019, Douglas filed another notification (Doc. 22), alerting the Court to a recent case in the Southern District of Indiana, *Caffie v. Krueger*, Case No. 17-cv-487-WTL-DLP (S.D. Ind. Feb. 26, 2019). The *Caffie* court granted relief to a habeas petitioner whose federal sentence had been enhanced under Section 841, after the government conceded that the Illinois statute's definition of cocaine was overbroad when compared to the federal drug definition. *See* 720 ILCS 570/206(4); 21 U.S.C. § 802(17)(D). Douglas adopts the overbreadth argument to support his Petition.

## MOTION TO DISMISS

Respondent's motion requests dismissal based on the following arguments, which were also raised in his original Response (Doc. 11): Douglas's Petition fails to satisfy the requirements of the savings clause in 28 U.S.C. § 2255(e) because Douglas does not actually rely on *Mathis*, and alternatively because *Mathis* did not announce a new rule (Doc. 11, pp. 6-7; Doc. 26, pp. 2-4); and Douglas procedurally defaulted his claim because he failed to raise it on direct appeal (Doc. 11, pp. 7-9; Doc. 26, pp. 2-4). The original Response also argued that Douglas's claim fails on the merits because his Illinois drug conviction qualifies as a "felony drug offense" under the federal Controlled Substances Act. (Doc. 11, pp. 9-12).

Respondent's motion also seeks to preserve the Department of Justice's "newly-established position that a prisoner . . . who has already unsuccessfully sought relief under § 2255 cannot

4

establish his eligibility to file a habeas petition under the saving clause by relying on a later-issued decision of statutory interpretation." (Doc. 26, pp. 4-5, n.1). Respondent acknowledges that this argument is contrary to current Seventh Circuit precedent as set forth in *In re Davenport*, 147 F.3d 605, 608-12 (7th Cir. 1998). *Id.*

## APPLICABLE LEGAL STANDARDS

Generally, petitions for writ of habeas corpus under 28 U.S.C. § 2241 may not be used to raise claims of legal error in conviction or sentencing but are instead limited to challenges regarding the execution of a sentence. *See Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). Thus, aside from the direct appeal process, a prisoner who has been convicted in federal court is generally limited to challenging his conviction and sentence by bringing a motion pursuant to 28 U.S.C. § 2255 in the court which sentenced him. A Section 2255 motion is ordinarily the "exclusive means for a federal prisoner to attack his conviction." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). A prisoner is also normally limited to only *one* challenge of his conviction and sentence under Section 2255. He or she may not file a "second or successive" Section 2255 motion unless a panel of the appropriate court of appeals certifies that such motion contains either (1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

Under very limited circumstances, however, it is possible for a prisoner to challenge his federal conviction or sentence under Section 2241. Specifically, 28 U.S.C. § 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a Section 2241 petition where the remedy under Section 2255 is "inadequate or ineffective to test the legality of his detention."

28 U.S.C. § 2255(e). *See Hill v. Werlinger*, 695 F.3d 644, 648 (7th Cir. 2012) ("'Inadequate or ineffective' means that 'a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence.'") (citing *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002)); *see also United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002). The Seventh Circuit construed the savings clause in *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998): "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant *any* opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." In other words, "there must be some kind of structural problem with section 2255 before section 2241 becomes available." *Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015).

Following *Davenport*, a petitioner must meet three conditions in order to trigger the savings clause. First, he must show that he relies on a new statutory interpretation case rather than a constitutional case. Second, he must show that he relies on a decision that he could not have invoked in his first Section 2255 motion *and* that case must apply retroactively. Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). *See also Chazen v. Marske*, 938 F.3d 851, 856 (7th Cir. 2019); *Brown v. Rios*, 696 F3d 638, 640 (7th Cir. 2012).

## ANALYSIS

The arguments Douglas sets forth in his original Petition (Doc. 1), Reply (Doc. 14), and supplemental material at Docs. 15 and 16 are unpersuasive, even if *Mathis* is applicable to his claim. Douglas asserts in the initial pleadings that the Court should compare his Illinois conviction for possessing an amount of cocaine that was less than 15 grams, to what he considers the

6

equivalent federal "generic offense" – 21 U.S.C. § 841(a)(1). He argues that drug type and quantity are essential elements of the Illinois offense under 720 ILCS 570/402, while the opposite is true under Section 841(a)(1). (Doc. 14, pp. 15-17). He further asserts that Section 402 is divisible, therefore the "modified categorical approach" should allow reference to documents from his state conviction, which show that he possessed only 0.8 grams of crack cocaine. (Doc. 14, pp. 17-20). In comparison with Section 841(a)(1), Douglas concludes that his Illinois possession offense would be punishable only as a misdemeanor under federal law, thus it was improper to use that conviction to enhance his federal sentence. This, however, is not the relevant comparison. *See Meeks v. Warden USP Terre Haute*, No. 18-cv-215-JMS-DLP, 2019 WL 935027, at *6 (S.D. Ind. Feb. 26, 2019) ("the term 'felony drug offense' in 21 U.S.C. 841(b)(1) is defined exclusively by § 802(44) – not 21 U.S.C. § 841(a).") (citing *Burgess v. United States*, 553 U.S. 124, 130 (2008)).

Instead, the Illinois statute governing Douglas's possession conviction must be analyzed under 21 U.S.C. § 802(44), which states:

> The term "felony drug offense" means an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances.

21 U.S.C. § 802(44). This broad language—"conduct relating to" the listed substances—encompasses simple possession, as well as more serious conduct, so long as the substance involved falls within the federal definition of the listed drugs.

On the merits, if the analysis outlined in *Mathis v. United States*, 136 S. Ct. 2243 (2016), and *United States v. Elder*, 900 F.3d 491 (7th Cir. 2018), is applicable to Douglas's claim, 720 ILCS 570/402(c) may indeed be overbroad when compared to Section 802(44) and its related drug

7

definitions.[4] The Seventh Circuit in *Elder* made clear that the categorical analysis explained in *Mathis* is the appropriate method to determine whether a conviction under a particular state statute may serve as a predicate offense to enhance a sentence under 21 U.S.C. § 841. *See also United States v. De La Torre*, 940 F.3d 938, 949 (7th Cir. 2019) (applying analysis in *Elder* and *Najera-Rodriguez*, 1993 version of 720 ILCS 570/402(c) is "categorically broader than the federal definition of a felony drug offense" and cannot support a sentence enhancement under 21 U.S.C. §§ 841(b)(1)(A) and 851); *Najera-Rodriguez v. Barr*, 926 F.3d 343 (7th Cir. 2019) (holding that 720 ILCS 570/402(c) is not divisible, includes controlled substances listed in 720 ILCS 570/204(d) that are not included in the federal schedule of controlled substances, and is therefore overbroad).

Before reaching the merits of Douglas's challenge to the classification of his Illinois conviction as a "felony drug offense," however, the Court shall address Respondent's arguments in the motion to dismiss: whether this claim may be brought in a Section 2241 petition under the savings clause of 28 U.S.C. § 2255(e), and whether it is barred by procedural default.[5]

### The *Mathis* Holding

In *Mathis v. United States*, — U.S. —, 136 S. Ct. 2243 (2016), the United States Supreme Court resolved a split among the circuits as to when a court may consult state charging or sentencing documents (known as the "modified categorical approach") to determine whether a previous conviction, under an alternatively-phrased statute, may qualify as a career-criminal predicate offense.[6] *See Chazen*, 938 F.3d at 857-59. *See also Shepard v. United States*, 544 U.S.

---

[4] Douglas made this argument, citing the Ninth Circuit's decision in *United States. v. Ocampo-Estrada*, 873 F.3d 661 (9th Cir. 2017), before the Seventh Circuit announced the *Elder* opinion. (Doc. 14, pp. 8-9).
[5] The Court also recognizes Respondent's preservation of the argument that a prisoner who has previously sought relief under Section 2255 without success cannot seek relief under the savings clause based on a later-issued statutory interpretation case. (Doc. 26, pp. 4-5, n.1). The Court finds it unnecessary to address this issue because the argument is foreclosed by Seventh Circuit precedent, as Respondent acknowledges.
[6] The *Mathis* Court addressed the question of whether an Iowa burglary conviction was properly used to enhance a federal sentence under the Armed Career Criminal Act ("ACCA") and held that only where the

13, 26 (2005) (limiting the case documents which may be consulted by a court when comparing non-generic statute of conviction to generic offense). *Mathis* clarified that only if a statute is "divisible"—that is, it sets forth one or more *elements* of the offense in the alternative, each of which amounts to a distinct offense—may the modified categorical analysis be used to determine which of the alternatives formed the basis of the conviction in question, and whether the elements of that crime match the elements of the generic offense. Thus, if an "indivisible" statute lists alternative factual means to satisfy a single element, and if the alternative means include conduct that sweeps more broadly than the generic crime, then a conviction under the statute may not be used as a career-offender predicate offense, even if the particular defendant's conduct fell within the scope of the generic offense. *Mathis*, 136 S. Ct. at 2252 (sentencing court "cannot go beyond identifying the crime of conviction to explore the manner in which the defendant committed that offense"); *Van Cannon v. United States*, 890 F.3d 656, 663 (7th Cir. 2018) ("the modified categorical approach has no role to play" if the statute is indivisible).

**Application of the 28 U.S.C. § 2255(e) Savings Clause**

A claim that relies on *Mathis v. United States* satisfies the first *Davenport* condition, as *Mathis* is a statutory-interpretation case. *See Holt v. United States*, 843 F.3d 720, 722 (7th Cir. 2016); *Dawkins v. United States*, 829 F.3d 549, 550-51 (7th Cir. 2016). Respondent, of course,

---

elements of the predicate offense match or are narrower than the elements of the "generic" offense (in Mathis' case, generic burglary) may the prior conviction be used as the basis for enhancing a federal sentence. *Mathis*, 136 S. Ct. at 2247. The Iowa statute in question identified several alternative locations where the burglary may take place, including a "building, structure, . . . land, water, or air vehicle." *Id.* at 2250. The Court noted that the statute was "indivisible," describing a single crime with several possible modes, or "means," of commission, and found that because the generic offense of burglary is limited to unlawful entry into a "building or other structure" with intent to commit a crime, the Iowa statute was overbroad. *Mathis*, 136 S. Ct. at 2248, 2250 (quoting *Taylor v. United States*, 495 U.S. 575, 598 (1990)). As such, the Court concluded that the ACCA enhancement based on the Iowa conviction could not stand, even though the records in Mathis' Iowa case contained facts showing that his actual offense conduct matched the elements of generic burglary.

maintains that Douglas does not truly rely on *Mathis* because his arguments are not related to *Mathis*. (Doc. 11, pp. 6-7; Doc. 26, p. 3-4). Douglas indeed relies on *Mathis*, however, as well as the Seventh Circuit's application of *Mathis* to a predicate drug conviction in *Elder*, as raised in his supplemental pleadings and reply to the Motion to Dismiss. (Doc. 19; Doc. 22; Doc. 28, pp. 10-16). Respondent's argument that *Mathis* did not announce a "new" rule and instead merely applied prior precedent, (Doc. 11, p. 7; Doc. 26, p. 3-4), is contradicted by the Seventh Circuit's recent ruling that *Mathis* indeed "fits the bill" as a "new" rule that may be invoked in a Section 2241 petition as an "intervening case of statutory interpretation [which] opens the door to a previously foreclosed claim." *Chazen*, 938 F.3d at 862.[7] Accordingly, Respondent's assertions that Douglas's *Mathis* claim does not rely on *Mathis* and that *Mathis* is not a "new rule" that may be invoked under the savings clause (Doc. 11, pp. 5-7; Doc. 26, pp. 3-4) are unconvincing and insufficient to warrant dismissal of the Habeas Petition at this stage.

Nonetheless, the second part of the *Davenport* test calls for a more in-depth analysis in light of recent Seventh Circuit jurisprudence. "*Davenport*'s second condition has two components: retroactivity and prior unavailability of the challenge." *Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016). As to the retroactivity question, the Seventh Circuit's recent opinion in *Chazen*, as well as its discussion of *Mathis* in *Van Cannon*, leads the Court to conclude that *Mathis* set forth a new substantive rule of statutory construction that should have retroactive application in a § 2241 petition. *See Chazen*, 938 F.3d at 862-63; *Van Cannon v. United States*, 890 F.3d 656, 663 (7th

---

[7] The court made this ruling in the context of a petitioner who (like Douglas) sought relief from a mandatory minimum sentence under the Armed Career Criminal Act. *Chazen v. Marske*, 938 F.3d 851, 862 (7th Cir. 2019). The *Chazen* court stopped short of reaching a blanket conclusion that *Mathis* would afford relief in all circumstances to a Section 2241 petitioner: "In these circumstances, where the government has conceded that *Mathis* is retroactive and Chazen was so clearly foreclosed by the law of his circuit of conviction [the Eighth Circuit] at the time of his original § 2255 petition, we conclude that Chazen has done enough to satisfy the savings clause requirements." *Chazen*, 938 F.3d at 863.

Cir. 2018) (discussing the proper analysis of an alternatively phrased statute as set forth in *Mathis*); *Holt v. United States*, 843 F.3d 720, 721-22 (7th Cir. 2016) ("substantive decisions such as Mathis presumptively apply retroactively on collateral review"). The *Mathis* opinion, by prohibiting the use of certain prior convictions as sentence-enhancing predicates, meets the criteria for retroactive application because it places "certain kinds of primary, private individual conduct beyond the power of criminal law-making authority to proscribe," and is a rule "prohibiting a certain category of punishment for a class of defendants because of their status or offense." *See Montgomery v. Louisiana*, — U.S. —, 136 S. Ct. 718, 729 (2016).[8]

The Seventh Circuit discussed the test to be applied in evaluating the "prior unavailability" component of the second savings clause condition in two recent opinions. In *Beason v. Marske*, the court held that a Section 2241 petitioner must show that it "would have been futile" to raise the argument in his initial Section 2255 motion because the "law was squarely against him." *Beason v. Marske*, 926 F.3d 932, 936 (7th Cir. June 24, 2019) (quoting *Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015)).[9] Then in *Chazen v. Marske*, without stating which of its various articulations of the test should control going forward,[10] the court concluded that the petitioner

---

[8] As Respondent observes (Doc. 26, p. 3-4), an earlier opinion in this District found that *Mathis* did not constitute a new rule of statutory construction, noting the *Mathis* Court's statement that it was applying the analysis first articulated in *Taylor v. United States*, 495 U.S. 575, 600-02 (1990). *Blue v. Werlich*, Case No. 17-cv-1215-DRH, 2018 WL 6102844 (S.D. Ill. Nov. 21, 2018). This Court in *Blue* concluded that because the reasoning in *Mathis* flowed from the precedents of *Taylor* and *Descamps v. United States*, 570 U.S. 254 (2013), the petitioner in *Blue* could have raised a *Mathis*-like statutory interpretation argument in a timely-filed motion under 28 U.S.C. § 2255. *Blue v. Werlich*, 2018 WL 6102844 at *5. The subsequent developments discussed herein have altered this analysis.
[9] *Beason* also reaffirmed the principle that "Section 2241 authorizes relief from 'fundamental sentencing defect[s],' like erroneously sentencing a defendant as an armed career criminal." *Beason*, 926 F.3d at 939 (citing *Light v. Caraway*, 761 F.3d 809, 813 (7th Cir. 2014), and quoting *Brown v. Caraway*, 719 F.3d 583, 587 (7th Cir. 2013)).
[10] In earlier cases, the court had held that a Section 2241 petitioner "need only show that the case on which he relies had not yet been decided at the time of his § 2255 petition" or that he "'relies on a retroactive decision that he could not have invoked in his first § 2255 motion.'" *Chazen*, 938 F.3d at 861 (citing *Brown v. Rios*, 696 F.3d 638, 630 (7th Cir. 2012), and quoting *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013)).

11

satisfied the "prior unavailability" condition because his claim had clearly been foreclosed by the law in his circuit of conviction at the time he might have raised it in a Section 2255 motion. *Chazen*, 938 F.3d at 861-63. *See also Light v. Caraway*, 761 F.3d 809, 813 (7th Cir. 2014) (noting that the circuit had "applied two different tests" as to prior unavailability under *Davenport*).

### *Prior Availability of Petitioner's Mathis Claim and Procedural Default*

Respondent argues that Douglas fails to satisfy the second component of the savings clause because he does not truly rely on *Mathis* and because *Mathis* is not a new rule. (Doc. 11, pp. 5-7; Doc. 26, pp. 2-4). This Court has already rejected these arguments. Respondent does not address the question of whether Douglas's *Mathis*-based challenge to the use of his Illinois drug conviction was foreclosed by Seventh Circuit precedent at the time he could have raised it in a Section 2255 motion. *See Chazen*, 938 F.3d at 863. Instead, Respondent relies on the argument that Douglas procedurally defaulted his claim by failing to raise it on direct appeal. (Doc. 11, pp. 7-9; Doc. 26, pp. 3-4).

There is substantial overlap between the procedural default analysis and the relevant inquiry under the savings clause. The key factor in a savings clause case, as explained by *Chazen*, is whether the claim sought to be raised in a Section 2241 petition was foreclosed by circuit precedent. *See Chazen*, 938 F.3d at 863 (relevant time period is the time of the original Section 2255 motion). For Douglas, that time frame was between the conclusion of his direct appeal in 2009 and the denial of his Section 2255 motion in 2011. If Douglas's claim was foreclosed at that time, the same would almost certainly have been true during his direct appeal.

Seventh Circuit precedent does not indicate that procedural default is a distinct hurdle that must be overcome in the context of a Section 2241 proceeding that brings a claim under Section 2255(e). The second component of the savings clause requires a showing that the Section 2241

12

petitioner was foreclosed from raising his claim through Section 2255; a failure to satisfy that requirement will lead to dismissal of the habeas petition. *See, e.g.*, *Hill v. Werlinger*, 695 F.3d 644, 647 (7th Cir. 2012) (while law was unclear at the time of Hill's Section 2255 motion, binding precedent had not foreclosed his argument at that time). *See also Robinson v. Cross*, No. 15-cv-191-DRH-CJP, 2016 WL 826822, at *5 n.1 (S.D. Ill. Mar. 3, 2016) ("Procedural default is not relevant" in the instant Section 2241 proceeding asserting a savings clause claim); *Cox v. Krueger*, 17-cv-1099, 2017 WL 4706898 at *5 (C.D. Ill. Oct. 19, 2017) (requiring a Section 2241 petitioner to have raised challenges to settled law during direct appeal and initial postconviction proceedings would "clog the judicial pipes" and encourage frivolous litigation (quoting *Montana v. Cross*, 829 F.3d 775, 782 (7th Cir. 2016), and finding that petitioner showed "cause and prejudice for any procedural default"). Likewise, if the claim is one that could have been raised on direct appeal, a Section 2241 petition is subject to dismissal.

Additionally, the Seventh Circuit has noted that a habeas petitioner may overcome procedural default not only by showing cause for the default and actual prejudice (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)), but alternatively with a showing that "failure to consider the defaulted claim will result in a fundamental miscarriage of justice." *Cross v. United States*, 892 F.3d 288, 294-95 (7th Cir. 2018) (quoting *Johnson v. Loftus*, 518 F.3d 453, 455-56 (7th Cir. 2008)). A "miscarriage of justice," of course, is what a Section 2241 petitioner must show in order to satisfy the third *Davenport* factor. *See Chazen v. Marske*, 938 F.3d at 856 ("we have held that a defendant sentenced in error as an armed career criminal satisfies the 'miscarriage of justice' requirement," citing *Light v. Caraway*, 761 F.3d 809, 813 (7th Cir. 2014)). As such, if Douglas can satisfy the second and third components of the savings clause, he will have overcome any arguable procedural default.

Because the relevant inquiry under the savings clause is whether Douglas's *Mathis*-based challenge to counting his Illinois drug conviction as a "felony drug offense" was foreclosed by Seventh Circuit precedent at the time he could have raised it in a Section 2255 motion, Douglas's failure to raise the argument on direct appeal is not dispositive. Accordingly, the Court is not convinced that dismissal is warranted based on Respondent's assertion of procedural default. As discussed above, the Petition is also not subject to dismissal on the other grounds raised in the motion – Douglas's claim does rely on *Mathis*, and that decision represents a "new rule" that may support a claim under the savings clause of Section 2255(e).

For these reasons, the Motion to Dismiss (Doc. 26) is **DENIED**.

In light of this denial, further briefing is appropriate in order to assist the Court in resolving the remaining issues: (1) Did Seventh Circuit precedent during 2009-2011 foreclose Douglas from challenging the use of his Peoria County drug conviction under 720 ILCS 570/402(c) (1995) as a predicate "felony drug offense" within the meaning of 21 U.S.C. § 841, § 851, and § 802(44) (2008) to increase his mandatory statutory minimum sentence from 10 years to 20 years; and (2) Did Douglas's 240-month mandatory minimum sentence amount to a miscarriage of justice that warrants habeas relief?

**IT IS THEREFORE ORDERED** that Respondent shall submit his supplemental response on the above issues on or before **March 23, 2020**. Petitioner may then file a supplemental reply within 30 days of service of Respondent's pleading.

## DISPOSITION

For the reasons set forth above, Respondent's Motion to Dismiss (Doc. 26) is **DENIED**. The parties shall submit supplemental briefs as outlined above. Douglas shall promptly inform the Court of any disposition of his pending motion to reduce sentence pursuant to the First Step Act

14

of 2018 in the Central District of Illinois, Case No. 07-cr-10080-MMM-JEH-3 (Doc. 357).

**IT IS SO ORDERED.**

**DATED: February 21, 2020**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**