IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BERNARD DOUGLAS,** ) | |
| No. 13373-026, ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| vs. ) | Case No. 17-cv-837-DWD |
| ) | |
| **ERIC WILLIAMS,** ) | |
| ) | |
| **Respondent.** ) | |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Petitioner Bernard Douglas, a federal prisoner incarcerated at FCI-Greenville, filed a *pro se* Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on August 7, 2017. (Doc. 1). He invoked *Mathis v. United States*, — U.S. —, 136 S. Ct. 2243 (2016), to argue that his 1995 Illinois drug possession conviction should not have been used to increase the statutory minimum penalty for his federal drug conviction under 18 U.S.C. § 841(a)(1), (b)(1)(A), and § 851 in the Central District of Illinois, Case No. 07-cr-10080-MMM-JEH-3. Douglas was sentenced to 240 months in that case following his guilty plea.

After initial briefing and supplements filed by Douglas (Docs. 15, 16, 19, and 22), Respondent filed a Motion to Dismiss (Doc. 26) which the Court denied. (Doc. 29). That order directed the parties to address the issues of whether Seventh Circuit precedent during 2009-2011 foreclosed Douglas from challenging the use of his Peoria County drug conviction under 720 ILCS 570/402(c) (1995) as a predicate "felony drug offense;" and whether his 240-month mandatory minimum sentence amounted to a miscarriage of justice that would warrant habeas relief. (Doc. 29, pp. 10-14). After Respondent filed a Supplemental Response (Doc. 32), the Court appointed

1

the Federal Public Defender to prepare Douglas's supplemental reply (Doc. 36).

Thereafter, on January 25, 2021, Douglas filed his Amended Petition for writ of habeas corpus. (Doc. 56). Respondent filed a Response (Doc. 58) and Douglas replied on April 5, 2021. (Doc. 62).

During the pendency of this habeas case, Douglas also filed a motion to reduce sentence pursuant to Section 404(b) of the First Step Act in April 2019 in his criminal case in the Central District of Illinois. (Doc. 365 in *United States v. Douglas*, Case No. 07-cr-10080-MMM-JEH). Upon review of that docket, the Court has learned that Douglas's motion was granted on March 5, 2021.[1] Douglas was resentenced on March 11, 2021; his 240-month sentence was reduced to time served, and his 10-year term of supervised release was reduced to a 5-year term, with modified conditions of release. (Docs. 376, 380, 381 in Case No. 07-cr-10080-MMM-JEH). The amended judgment provided that Douglas was still required to serve a consecutive 18-month sentence for violation of supervised release in a previous case (Case No. 04-cr-10074, C.D. Ill.), therefore he remains in custody on that matter. Douglas did not challenge that sentence in this action.

Because Douglas's Amended Habeas Petition challenged the same 240-month sentence which has now been reduced to time served, no further relief from this sentence is available. The Amended Petition no longer presents a "case or controversy" under Article III, § 2 of the Constitution and has become moot. *See Spencer v. Kemna,* 523 U.S. 1, 7 (1998) (petitioner "must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision" to avoid mootness).

---

[1] The Court consulted the Public Access to Court Electronic Records ("PACER") website (www.pacer.gov) to verify the disposition of Douglas's First Step Act motion. *See Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases).

**IT IS THEREFORE ORDERED** that Bernard Douglas's Amended Petition for writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 56), is **DISMISSED** without prejudice as moot.

The Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: April 7, 2021**

_____
**DAVID W. DUGAN**
**United States District Judge**